# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Case No.: 2:20-cv-04844-TJH-SP |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| JOHN DOE subscriber assigned IP address 23.240.234.245, | |
| Defendant. | |

**THIS MATTER** was opened to the Court by Lincoln D. Bandlow, Esq., on behalf of Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), and by Steven Vondran, Esq., on behalf of Defendant John Doe subscriber assigned IP address 23.240.234.245 ("Doe"), as a joint stipulation for the entry of a consent protective order pursuant to Fed. R. Civ. P. 26(c).  It appearing that the parties have stipulated and agreed to the form and entry of this Order, under which Doe, pursuant to 47 U.S.C. § 551(c)(1), will provide consent to their Internet Service Provider ("ISP") to the release of his name and address to Plaintiff; the Court having considered the parties' written submissions in connection with the request pursuant to Federal Rule of Civil Procedure 78, and for good cause shown:

**IT IS HEREBY ORDERED AS FOLLOWS:**

The parties request for a consent protective order be entered is GRANTED;

1  The Clerk of the Court shall maintain the caption of this matter as "Strike 3
2  Holdings, LLC v. John Doe subscriber assigned IP address 23.240.234.245" until
3  the Court orders otherwise;

4  Plaintiff shall not publicly disclose to any third party any information
5  identifying the Defendant and/or any person associated with the defendant,
6  tenants, guests, members of their household, including but not limited to
7  disclosing or divulging any alleged social media or other evidence of any alleged
8  BitTorrent activity, absent express permission by this Court;

9  All documents identifying the Defendant and/or any person associated with
10 the Defendant, including alleged social media and other evidence of alleged
11 BitTorrent activity, shall only be filed on the public docket in redacted form
12 (ensuring that known personally identifiable information is not disclosed); a party
13 seeking to file an unredacted version must apply to file the unredacted version
14 under seal pursuant to Civil Local Rule 79-5;

15 After Defendant is served with (or waives service of) process, the parties
16 shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to
17 the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a
18 proposed Electronically Stored Information ("ESI") Protocol;

19 Within ten (10) days of the entry of this Order, Doe shall provide Plaintiff
20 with their signed written consent and Plaintiff shall serve such on the ISP (sent via
21 U.S. Mail and email with a copy sent to Defendant's counsel) to release only his
22 or her name and address to Plaintiff's counsel, pursuant to 47 U.S.C. 551(c)(1);
23 and

24 ///

26 ///

Any information Plaintiff receives from the ISP shall only be used for the purpose of protecting its rights as set forth in the Complaint and any Amended Complaint. Any other purpose shall be a violation of this Order.

**IT IS SO ORDERED.**

DATED: July 30, 2020



HON. SHERI PYM
MAGISTRATE JUDGE